IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REYLAN VILLANUEVA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| ADVANCE HEALTHCARE SERVICES, INC., and GEOFE M. TANNER, individually, | ) ) ) | Magistrate Judge |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Reylan Villanueva, through his attorneys, for his Complaint against Defendants Advance Healthcare Services, Inc. and Geofe M. Tanner, individually, states as follows:

### INTRODUCTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), for Defendants' failure to: 1) pay Plaintiff at least the federal- and Illinois-mandated minimum wages for all time worked in violation of the FLSA and the IMWL, 2) pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in a workweek in violation of the FLSA and the IMWL, and 3) pay Plaintiff his earned wages and mileage expenses at the agreed-upon rate for all time worked in violation of the IWPCA.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district because Defendant's place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

**A. Plaintiff**

4. During the course of his employment, Plaintiff Reylan Villanueva:

   a. has handled goods that move in interstate commerce;

   b. was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3, and the IWPCA, 820 ILCS 115/2; and

   c. resides in and is domiciled in this judicial district.

**B. Defendants**

5. Within the relevant time period, Defendants have operated their home health care services agency and have done business as Advance Health Care Services within this judicial district.

6. Within the relevant time period, Defendant Advance Health Care Services, Inc.:

   a. has been a corporation organized under the laws of the State of Illinois;

   b. has conducted business in Illinois and within the judicial district;

   c. has done business as Advance Health Care Services within this judicial district;

   d. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the

        production of goods for commerce, within the meaning of Section 3(s)(1)(A) of the FLSA;

    e.    has had two (2) or more employees who have handled goods that moved in interstate commerce; and

    f.    was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

7.    Within the relevant time period, Defendant Geofe M. Tanner:

    a.    has been the owner and operator of Defendant Advance Health Care Services, Inc.;

    b.    among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiff, to authorize payment of wages to Plaintiff, to sign on the company's checking accounts, including any payroll accounts, and to participate in any decisions regarding the operation of the business and employment policies and practices;

    c.    operates within this judicial district and within the state of Illinois; and

    d.    was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

## FACTUAL BACKGROUND

8.    Defendants own and operate Advance Health Care Services, their home health care services agency, located on 8801 W. Golf Road in Niles, Illinois.

9.    Since approximately July 17, 2015 through approximately January 5, 2016, Plaintiff was employed by Defendants as live-in home care worker for Defendants' home health care services agency.

10. Within the three (3) years prior to Plaintiff filing this Complaint, Defendants regularly and customarily required Plaintiff to work in excess of forty (40) hours in individual workweeks, but did not compensate him at one and a half times his regular rate of pay for time worked in excess of forty (40) hours in individual workweeks.

11. Instead, throughout his employment with Defendants, Plaintiff was paid at a fixed rate for each work day every two weeks for all time worked.

12. Throughout his employment with Defendants, Plaintiff was paid at an agreed-upon rate for mileage expenses in a business check.

13. Defendants' practice resulted in a failure to compensate Plaintiff at time and a half his regular rate of pay for all hours worked over forty (40) in individual work weeks, which resulted in violations of the overtime requirements of the FLSA and the IMWL.

14. Additionally, Defendants' compensation scheme resulted in Plaintiff's hourly rate falling below the federal- and Illinois-mandated minimum wage rates, resulting in violations of the minimum wage requirements of the FLSA and the IMWL.

15. For approximately his last forty-four (44) days of employment with Defendants, Defendants failed to compensate Plaintiff for all hours worked at his agreed-upon "per day" rate.

16. From approximately August 21, 2015 through December 26, 2015, Defendants failed to compensate Plaintiff for all mileage expenses at the agreed-upon rate.

17. Defendants' failure to compensate Plaintiff at his agreed-upon "per day" rate for all hours worked as well as his agreed-upon rate for all mileage expenses, as described above, resulted in violations of the IWPCA.

## COUNT I
**Violation of the FLSA – Overtime Wages**

Plaintiff incorporates and re-alleges paragraphs 1 through 17 of this Complaint as though set forth herein.

18. This Count arises from Defendants' violation of the FLSA for Defendants' failure to pay Plaintiff one and a half times his regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks, described more fully in paragraphs 10-11, 13, *supra.*

19. Defendants directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual work weeks.

20. Plaintiff was not exempt from the overtime provisions of the FLSA.

21. Plaintiff was entitled to be paid overtime wages at the premium rate of one and a half times their regular hourly rate for all time worked in excess of forty (40) hours in individual work weeks.

22. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

23. Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the FLSA.

24. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid overtime wages for all time Plaintiff worked in excess of forty (40) hours in individual work weeks;

B. Liquidated damages in the amount equal to the unpaid overtime wages;

C. That the Court declare that Defendants violated the FLSA;

D. That the Court enjoin Defendants from violating the FLSA;

E.      Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

F.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the IMWL – Overtime Wages

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 24 as though set forth herein.

25.      This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiff one and a half times his regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks, described more fully in paragraphs 10-11, 13, *supra.*

26.      Defendants directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual work weeks.

27.      Plaintiff was not exempt from the overtime provisions of the IMWL.

28.      Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

29.      Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

30.      Defendants' failure to pay Plaintiff overtime wages for all hours worked in individual work weeks was a violation of the IMWL.

31.      Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this lawsuit up until the entry of judgment on this case.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks as provided by the IMWL;

B. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. That the Court declare that Defendants have violated the IMWL;

D. That the Court enjoin Defendants from violating the IMWL;

E. Reasonable attorneys' fees and costs as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the FLSA – Minimum Wages

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 31 as though set forth herein.

32. This Count arises from Defendants' violation of the FLSA for Defendants' failure to pay Plaintiff the minimum rate of pay for all time worked in individual work weeks, described more fully in paragraphs 11, 14, *supra*.

33. Plaintiff was directed to work and, in fact, did work, but was not compensated at the mandated federal minimum wage rate for all time worked.

34. Plaintiff was entitled to be compensated at the mandated federal minimum wage rate pursuant to the FLSA.

35. Defendants violated the FLSA by failing to compensate Plaintiff the mandated federal minimum wage rate for all time worked.

36. Plaintiff is entitled to recover unpaid wages for up to three (3) years prior to the filing of the lawsuit because Defendants' failure to pay the mandated federal minimum wage was a willful violation of the FLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of the difference between the federally-mandated minimum wage rate and the hourly wage paid to Plaintiff;

B. Liquidated damages in the amount equal to the unpaid minimum wages;

C. That the Court declare that Defendants violated the FLSA;

D. That the Court enjoin Defendants from violating the FLSA;

E. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
## Violation of the IMWL – Minimum Wages

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 36 as though set forth herein.

37. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiff the minimum rate of pay for all time worked in individual work weeks, described more fully in paragraphs 11, 14, *supra.*

38. Plaintiff was directed to work and, in fact, did work, but were not compensated at the Illinois-mandated minimum wage rate for all time worked.

39. Pursuant to 820 ILCS 105/4, Plaintiff was entitled to be compensated at least the then-mandated Illinois minimum wage rate for all hours worked.

40. Defendants violated the IMWL by failing to compensate Plaintiff the Illinois-mandated minimum wage rate for all time worked.

41. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid minimum wages, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments, for three (3) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A.    A judgment in the amount of the difference between the Illinois-mandated minimum wage rate and the hourly wage paid to Plaintiff;

    B.    Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 105/12(a);

    C.    That the Court declare that Defendants violated the IMWL;

    D.    That the Court enjoin Defendants from violating the IMWL;

    E.    Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

    F.    Such other and further relief as this Court deems appropriate and just.

## COUNT V
## Violation of the IWPCA – Unpaid Wages

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 41 as though set forth herein.

42.    This Count arises from Defendants' violation of the IWPCA for Defendants' failure to pay Plaintiff his earned wages for all time worked at the rate agreed to by the parties, as described more fully in paragraphs 12, 15-17, *supra*.

43.    During the course of Plaintiff's employment with Defendants, the parties had an agreement that Defendants would compensate Plaintiff at the agreed-upon rate for all time worked and an agreed-upon rate for mileage expenses.

44.    Defendants did not compensate Plaintiff at the agreed-upon rate for all time worked and did not compensate Plaintiff at the agreed-upon rate for mileage expenses.

45.    Pursuant to the IWPCA, Plaintiff was entitled to be paid for all time worked and for all mileage expenses at the rate agreed-upon by the parties.

46.    Defendants' failure to compensate Plaintiff for all time worked and for all mileage expenses at the rate agreed-upon by the parties violated the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid earned wages for all time worked and for all mileage expenses by Plaintiff as provided by the IWPCA;

B. Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 115/12(a);

C. That the Court declare that Defendants have violated the IWPCA;

D. That the Court enjoin Defendants from violating the IWPCA;

E. Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 115/14(a); and

F. Such other and further relief as this Court deems appropriate and just.

                                              Respectfully submitted,

Dated: September 30, 2016                   s/Lydia Colunga-Merchant
                                              Lydia Colunga-Merchant
                                              Raise the Floor Alliance – Legal Dept.
                                              1 N. LaSalle, Suite 1275
                                              Chicago, Illinois 60602
                                              (312) 795-9115

                                              Attorney for Plaintiff