## SETTLEMENT AGREEMENT AND WAIVER/RELEASE

This Settlement Agreement and Waiver/Release ("Agreement") is entered into between REYLAN VILLANUEVA (hereinafter, "Employee") and ADVANCE HEALTHCARE SERVICES, INC. and GEOFE TANNER, individually, on behalf of themselves and their parents, subsidiaries, affiliates, partners, related entities, predecessors, successors, assigns, trustees, and all of their past and present officers, directors, employees and agents, and present or future shareholders (hereinafter, "Employer").

WHEREAS, Employee filed a Complaint with the United States District Court for the Northern District of Illinois, Eastern Division, alleging violations of the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act, Case No. 16 CV 9406.

WHEREAS, Employer filed a Counter-Claim with the United States District Court for the Northern District of Illinois, Eastern Division, alleging breach of contract and setoff.

WHEREAS, Employee and Employer desire to avoid further litigation between them, and, by this Agreement, intend to resolve all matters raised by Employee, arising out of or relating to his employment by Employer.

NOW, THEREFORE, in consideration of the mutual promises set out below, the parties agree as follows:

1. **Consideration**
   a. **Settlement Amount**

In consideration for the promises in this Agreement, Employer shall pay Employee the gross sum of Ten Thousand Dollars and Zero Cents ($10,000.00)(the "Settlement Amount"). All payments shall be sent to Raise the Floor Alliance – Legal Department (1 N. LaSalle, Suite 1275, Chicago, Illinois, 60602) and apportioned and paid as follows:

   i. **Payment to Reylan Villanueva:** A total payment of $7,750.00 shall be paid to Reylan Villanueva in certified checks payable to Employee in accordance with the payment plan described below.
   Employer shall mail Employee his 1099 Form via his counsel, Raise the Floor Alliance, 1 N. LaSalle, Suite 1275, Chicago, IL 60602.

   ii. **Payment to Raise the Floor Alliance:** A total payment of $2,250.00 shall be paid to Raise the Floor Alliance (FEIN # ▓▓▓▓▓▓▓) in checks for Employee's attorneys' fees and costs in accordance with the payment plan described below. An IRS Form 1099 shall be issued to Raise the Floor Alliance by Employer for the total payment paid.

   b. **Distribution of Settlement Amount**
      i. **First Payment**

    A.    Employer shall issue Reylan Villanueva a certified check in the amount of $387.50, and shall be made payable to Employee within seven (7) days of Employer receiving Employee's fully executed Agreement.

    B.    Employer shall issue Raise the Floor Alliance a certified check in the amount of $112.50, and shall be made payable to Raise the Floor Alliance within seven (7) days of Employer receiving Employee's fully executed Agreement.

    ii.    **Monthly Payments from October 15, 2017 to April 15, 2019**

Employers shall make these payments of nineteen (19) equal monthly installments on the 1st of every month, starting October 15, 2017 and ending on April 15, 2019 as follows:

    A.    Employer shall issue Reylan Villanueva a certified check in the amount of $387.50, and shall be made payable to Employee.

    B.    Employer shall issue Raise the Floor Alliance a certified check in the amount of $112.50 and shall be made payable to Raise the Floor Alliance.

    c.    There shall be no pre-payment penalty should Employer make settlement payments ahead of the dates outlined in Paragraph 1(b)(ii).

## 2. Default

If Employer fails to comply with any of the terms set forth in Paragraph 1 above, then they shall be in breach of this Agreement. In case of breach, Employer shall have fourteen (14) calendar days from receipt of written notice of said breach to cure said breach. Notice of default shall be served by mail, electronic mail, or hand delivery to Samuel Neschis, Employer's Counsel, at Lohman, Neschis & Tolitano, LLC, 311 West Superior Street, Suite 314, Chicago, Illinois, 60654, (312) 600-9797, Email Address: sneschis@LNT-law.com. In the event Employer fails to cure the alleged breach within the aforementioned time, it will result in the Employer consenting to a judgment for the total amount due and owing under the agreement. Employer shall be liable for any attorneys' fees for time expended by Employee's Counsel to recover any judgment entered against Employer due to a failure to cure deficiencies in their obligation to make timely settlement payments pursuant to Paragraph 1 of this Agreement.

## 3. Stipulation of Dismissal

Within ten (10) days of the receipt of the first settlement payment by Employee's Counsel, Employee shall file a stipulation of dismissal without prejudice. Within ten (10) days of

2

the receipt of the last settlement payment by Employee's Counsel, Employee shall file a stipulation of dismissal with prejudice.

4. **Waiver of Costs and Attorneys' Fees**

In consideration of the promises made by Employer in this Agreement, Employee agrees to waive any claims he may have to an award of costs and attorneys' fees, other than as set forth in this Agreement.

5. **Mutual Release and Covenant Not to Sue**

In further consideration of the promises made by each Party, each Party releases and forever discharges each respective Party, as broadly defined in the preamble to this Agreement, from:

(a) all claims and counter-claims that were raised or which could have been raised in the Lawsuit and any other claims arising out of Employee's employment with Employer.

Employee understands and agrees that he may not reinstate the Lawsuit or use as evidence in, or the subject matter of, any future lawsuit or proceeding against Employer, any event, occurrence, or purported fact occurring prior to the date of this Agreement. Employer understands and agrees that she may not reinstate her counter-claim or use as evidence in, or the subject matter of, any future lawsuit or proceeding against Employee, any event, occurrence, or purported fact occurring prior to the date of this Agreement. Each Party acknowledges and agrees that the mutual waiver and release and covenant not to sue are essential and material terms of this Agreement and that no settlement could have been reached by the parties without these terms. Each Party affirms that he and she understands and acknowledges the significance and consequence of these specific terms.

6. **Non-Admission**

Employee and Employer agree that this Agreement does not constitute, is not intended to be, and shall not be construed, interpreted, or treated in any respect as an admission of any liability or wrongdoing by Employer. Employee and Employer further agree that this Agreement shall not be admissible in any proceeding (without the written consent of the parties or unless ordered by a court of competent jurisdiction), except (i) one instituted by either party alleging a breach of this Agreement, or (ii) one brought by Employee or Employer in violation of the release and covenant not to sue contained in Paragraph 5.

7. **Entire Agreement**

Employee and Employer agree that this Agreement shall be construed and enforced in accordance with the laws of the State of Illinois. Employee and Employer further agree that this Agreement sets forth the entire agreement between the parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to

and incorporated in this Agreement. No other promises or agreements shall be binding unless made in writing and signed by Employee and Employer.

8. **Full Knowledge, Consent, and Voluntary Signing**

The parties also agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; they have not been coerced, threatened, or intimidated into signing this Agreement; and they have been advised to consult with an attorney.

9. **Severability**

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, Employee and Employer agree that the remaining portions shall not be affected and shall be given full force and effect.

10. **Counterparts**

This Agreement may be signed in counterparts, all of which shall constitute collectively one agreement and when so executed, shall be legally binding. Facsimile or .pdf version of the original shall be accepted and enforceable as if they were an original.

REYLAN VILLANUEVA

Date: 9.11.2017

ADVANCE HEALTHCARE SERVICES, INC.

Date: 9/11/17

GEOFE TANNER

Date: 9/11/17